IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JENNIFER KAYE SMITH**                                                                **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO. 2:13cv35-KS-MTP**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                                             **DEFENDANT**

## OPINION AND ORDER

This matter is before the Court on the Plaintiff Jennifer Kaye Smith's Motion *in Limine* [27] and the Defendant State Farm Mutual Automobile Insurance Company's Motion *in Limine* [28].  Having considered the submissions of the parties, the record, and the applicable law, the Court finds as follows:

## Background

Plaintiff seeks to recover uninsured/underinsured motorist benefits from State Farm Mutual Automobile Insurance Company ("State Farm") in connection with an automobile accident occurring on or about October 20, 2012, in Forrest County, Mississippi.  Plaintiff was a guest passenger in a vehicle operated by Jessica (Lori) Myers at the time of the accident.  Plaintiff alleges that Ms. Myers ran a stop sign, resulting in a collision with a vehicle operated by Charles Anderson.  The fault of Ms. Myers for the accident and her status as an underinsured motorist do not appear to be contested issues between the parties.

## Standard of Review

The United States Court of Appeals for the Fifth Circuit has provided the following guidance:

A motion in limine is a motion made prior to trial for the purpose of prohibiting

> opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). Further, numerous federal courts have found "that motions *in limine* may be used to secure a pretrial ruling that certain evidence is admissible." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11cv58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases).

### **Plaintiff's Motion *in Limine* [27]**

Plaintiff requests that thirteen (13) subject matters be excluded from the jury at trial.  Each request for exclusion will be addressed in turn.

1. That Plaintiff has received, may be entitled to receive, or will receive benefits of any kind or character from a collateral source including but not limited to collateral source insurance coverage, social security, or <u>gratuitous benefits from members of her church</u>

State Farm does not object to this request for exclusion.  Therefore, this portion of the motion is granted as unopposed.

2. Plaintiff has failed to call any person as a witness to testify in her present <u>action, if that person is equally available as a witness for Defendant</u>

State Farm objects to the exclusion of any references or testimony concerning witnesses or other participants involved in the accident as overly broad.  The Court does not read this request for exclusion as broadly as does State Farm.  It appears that the Plaintiff is only seeking to prohibit State Farm and its counsel from stating in front of the jury that the Plaintiff has failed to call a witness who is equally available to both sides.  Such a prohibition comports with Fifth Circuit precedent.  "It is well-settled that it

is impermissible to draw any inference from a party's failure to call witnesses that were equally available to both sides." *United States v. Virgen-Moreno*, 265 F.3d 276, 291 (5th Cir. 2001) (citing *United States v. Iredia*, 866 F.2d 114, 118 (5th Cir. 1989)); *see also Verdin v. Sea-Land Serv., Inc.*, 8 F.3d 21, 1993 WL 455645, at *3 (5th Cir. 1993) (providing that the Federal Rules of Evidence and Federal Rules of Civil Procedure have rendered the uncalled witness rule, which creates a presumption that an uncalled witness would have offered unfavorable testimony, "'an anachronism'") (quoting *Herbert v. Wal-Mart Stores*, 911 F.2d 1044, 1048 (5th Cir. 1990)); *McQuaig v. McCoy*, 806 F.2d 1298, 1303 (5th Cir. 1987) (finding harmless error in the trial court's refusal to sustain an objection to the defendant attempting to draw a negative inference from the plaintiffs' failure to call a witness). That said, "'[w]hen a witness is controlled by one party, failure to call the witness, if his testimony would elucidate facts in issue, creates an inference which the jury is permitted to draw against that party.'" *United States v. Foster*, 298 Fed. Appx. 310, 311 (5th Cir. 2008) (quoting *United States v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1970)). This portion of the motion is granted since the Court finds that the Plaintiff's request for relief only pertains to witnesses equally available to both sides. Therefore, State Farm and its attorneys are prohibited from stating in front of the jury that the Plaintiff failed to call a witness who is equally available to State Farm. Any argument to the effect that an uncalled witness is controlled by one side, resulting in a request for a negative inference, must first be raised outside the presence of the jury.

    3.    Testimony and/or opinions of any individuals not previously identified (specifically and/or timely) as having knowledge of facts relevant to this <u>matter</u>

State Farm does not object to this request for exclusion. Therefore, this portion

of the motion is granted as unopposed.

> 4. The time or circumstances under which Plaintiff employed her attorney, including any reference of any kind to the fee basis or the existence of <u>contingency fee contracts</u>

State Farm does not object to this request for exclusion. Therefore, this portion of the motion is granted as unopposed.

> 5. Expert witness opinions that were not revealed in response to a discovery <u>request</u>

State Farm does not object to this request for exclusion. Therefore, this portion of the motion is granted as unopposed.

> 6. Impeachment of Plaintiff on any matter which is collateral to this lawsuit and which is not relevant nor germane to the claims of Plaintiff or defenses alleged by the Defendant, without a predicate for the relevancy <u>of such matters first being demonstrated to the satisfaction of this Court</u>

State Farm opposes this request for exclusion on the basis that it is vague and overly broad. The Court agrees. Plaintiff's request is too broad and indefinite to enable an exclusionary ruling at this time. Consequently, this portion of the motion is denied without prejudice to the Plaintiff's ability to assert specific objections at trial.

> 7. Any questions, comments, or evidence showing that Plaintiff may have had previous lawsuits or claims of any type that were brought, litigated, or <u>settled</u>

State Farm opposes this request on the basis of Judge Barbour's ruling in *Francois v. Colonial Freight Sys., Inc.*, No. 3:06cv434, 2007 WL 4564866 (S.D. Miss. Dec. 21, 2007). In *Francois*, the plaintiff sought to exclude evidence regarding prior lawsuits and claims as irrelevant and prejudicial. 2007 WL 4564866, at *10. Judge Barbour denied the motion since the subject evidence was relevant on the issues of credibility and damages, specifically whether the plaintiff suffered from preexisting

-4-

injuries. *Id.* Judge Barbour deferred ruling on the extent to which the details of the prior lawsuits would be admitted into evidence at trial. *Id.*

The details of any prior lawsuits or claims involving the Plaintiff are not before this Court. Thus, the Court is unable to make any pretrial determination as to whether those claims or lawsuits are relevant to any issue remaining to be tried in this cause. However, given that evidence of separate lawsuits/claims often raises Federal Rule of Evidence 403 concerns,[1] the Court will err on the side of caution and partially grant this portion of the motion. Counsel for State Farm shall not mention nor attempt to place before the jury, through witnesses or otherwise, any information about other lawsuits or claims involving the Plaintiff without first securing a ruling from the Court on its admissibility.

> 8. Any questions, comments, or evidence showing that Plaintiff previously filed tax returns that may or may not have contained errors, or asking any questions or making any comments that would suggest Plaintiff <u>intentionally falsified income tax returns</u>

State Farm argues that the Plaintiff has placed her wage history at issue in this lawsuit by seeking lost wages, and that her tax returns are relevant to the wage loss claim. The Complaint asserts that the Plaintiff has suffered lost wages and a loss of opportunity to earn wages. (Compl. [1-1] at ¶ VI.) The Plaintiff's tax returns are not before the Court. However, the returns are likely relevant to the Plaintiff's wage loss claim if they, like most individual returns, list her income from wages, salaries, and/or

---

[1] *See, e.g.*, *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380-81 (8th Cir. 2008); *Jackson-Hall v. Moss Point Sch. Dist.*, No. 3:11cv42, 2012 WL 1098524, at *4 (S.D. Miss. Apr. 2, 2012); *Aiken v. Rimkus Consulting Group, Inc.*, No. 1:06cv741, 2007 WL 4245906, at *2 (S.D. Miss. Nov. 29, 2007), *aff'd,* 333 Fed. Appx. 806 (5th Cir. 2009).

tips.  Furthermore, evidence that the Plaintiff falsified her tax returns would go toward her credibility.  *See Hopson v. Deffenbaugh Disposal Serv., Inc.*, No. 07-2232, 2009 WL 151589, at *1 (D. Kan. Jan. 21, 2009) (denying the plaintiff's request to exclude her tax information since proof that she provided false information under oath was probative of her veracity); *Gaillard v. Jim's Water Serv., Inc.*, No. 04-5062, 2007 WL 5396427, at *5 (D.S.D. Aug. 13, 2007) ("[E]vidence that suggests Gaillard filed false tax returns is relevant to his 'character for truthfulness' as a witness under Rule 608(b).").  Plaintiff's present argument in favor of exclusion fails to persuade the Court that the probative value of the tax returns is substantially outweighed by any danger of unfair prejudice or jury confusion.  *See* Fed. R. Evid. 403.  Therefore, this portion of the motion is denied without prejudice to the Plaintiff's ability to raise specific objections at trial.

> 9. Opinions or evidence showing or intending to show that the driver of the automobile in which Plaintiff was a passenger at the time of the accident was intoxicated, impaired, or under the influence of alcohol or drugs as the same would cause undue prejudice, improperly influence the jury, and <u>confuse the issues now before this Court</u>

State Farm posits that "even though liability is not at issue, such an extreme limitation would omit basic facts that are necessary to complete the facts surrounding the accident."  (State Farm's Resp. to Mot. *in Limine* [33] at p. 4.)  The Court disagrees.  In light of State Farm's concession as to liability, the relevance of the driver's impairment or intoxication to any issue remaining for trial is virtually nonexistent.  Moreover, any marginal benefit associated with the jury hearing this background information is substantially outweighed by the risk of unfair prejudice to the Plaintiff, jury confusion, and wasted time.  Upon hearing that the driver was under the influence of alcohol or drugs at the time of the accident, the jury may question whether the Plaintiff

was in a similar state or fault the Plaintiff for riding in a vehicle with the impaired driver. A verdict influenced by these considerations would be improper since the Plaintiff's fault is not at issue in this action. The presentation of opinions or evidence regarding the driver's impairment would also distract from, and needlessly delay the resolution of the central issue of the Plaintiff's damages resulting from the subject accident. Accordingly, this portion of the motion is granted. State Farm and its attorneys are prohibited from making any statements in front of the jury or introducing any evidence showing or intending to show that the driver of the automobile in which the Plaintiff was a passenger at the time of the accident was intoxicated, impaired, or under the influence of alcohol or drugs.

10. Any references to statements of witnesses or other persons contained within the Mississippi Uniform Accident Report arising out of the accident which is the subject matter of this litigation, to include opinions and <u>conclusions as such statements are excludable as hearsay</u>

State Farm does not object to this request for exclusion. Therefore, this portion of the motion is granted as unopposed.

11. That Plaintiff is not an insured under the subject automobile policy applicable to the claim for damages in this proceeding, or that Plaintiff has been paid or received in part compensation from other insurers or collateral sources including payments made by the Defendant voluntarily <u>for her damages claimed in this proceeding</u>

State Farm does not object to this request for exclusion. Therefore, this portion of the motion is granted as unopposed.

12. That Plaintiff has made objection to documents as set forth by Defendant in its Pretrial Order or that Plaintiff has failed to fully comply with discovery <u>requests made by the Defendant insurance company</u>

State Farm does not object to this request for exclusion. Therefore, this portion

of the motion is granted as unopposed.

    13.    That all identifying information, social security numbers, drivers' license numbers, Medicaid, or other irrelevant or identifying information be properly redacted from any and all exhibits, medical records, medical bills, etc.

State Farm does not object to this request for exclusion. Therefore, this portion of the motion is granted as unopposed. The parties, as opposed to the Clerk or the Court, are responsible for ensuring that all exhibits are properly redacted. *See* L.U.Civ.R. 5.2.

## State Farm's Motion *in Limine* [28]

State Farm seeks a pretrial ruling prohibiting the Plaintiff from presenting arguments or evidence to the jury regarding four subjects of information:

    1.    State Farm's tender of $35,000.00 to the Plaintiff;

    2.    Any evidence of the underinsured motorist policy limits;

    3.    Any evidence or testimony regarding State Farm's handling of the Plaintiff's underinsured motorist claim, including any mention of State Farm's corporate trial representative not being involved in the adjusting of the claim; and

    4.    The payment of $50,000.00 to the Plaintiff by the at-fault driver's liability carrier.

The Plaintiff's Response [32] to this motion only addresses State Farm's third request for exclusion. Therefore, State Farm's first, second, and fourth requests are granted as confessed.

As to request for exclusion number three (3), State Farm chiefly contends that evidence concerning its handling of the Plaintiff's claim is irrelevant to any issue remaining for trial since the Plaintiff agreed to dismiss her bad faith claim. (*See* Agreed

-8-

Order [22].)  As a corollary, State Farm argues that the Plaintiff should be prohibited from mentioning "that State Farm's corporate trial representative was not involved in the handling of the her [sic] underinsured motorist claim."  (State Farm's Mem. Brief. in Supp. of Mot. *in Limine* [29] at p. 5.)  Plaintiff appears to object only to State Farm's corollary argument being extended to preclude the questioning of its corporate representative as to the valuation of the Plaintiff's damages.  Defendant's "Motion in Limine should not go so far as to prohibit or disallow inquiry of State Farm's trial representative regarding whether or not Plaintiffs [sic] own valuation of damages are [sic] correct, and if incorrect, just how State Farm may challenge that valuation at trial." (Pl.'s Resp. to Mot. *in Limine* [32] at p. 2.)

      The Court finds that evidence of State Farm's handling of the Plaintiff's insurance claim is irrelevant to the issues remaining for the jury's consideration due to the dismissal of the Plaintiff's bad faith claim.  Therefore, the Plaintiff and her counsel are prohibited from presenting evidence or asserting arguments in front of the jury regarding State Farm's handling of the Plaintiff's underinsured motorist claim for insurance benefits.  This ruling extends to any evidence of State Farm's corporate trial representative not being involved in the adjusting or handling of the Plaintiff's claim.  This ruling does not extend to the Plaintiff's questioning of State Farm's trial representative on the valuation of her damages, as the Court determines that this information falls outside the scope of State Farm's Motion *in Limine* [28].  State Farm may assert specific objections at trial to any questioning of its corporate representative by the Plaintiff.

## Conclusion

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Motion *in Limine* [27] is granted in part and denied part, as outlined above.

IT IS FURTHER ORDERED AND ADJUDGED that State Farm's Motion *in Limine* [28] is granted, as outlined above.

SO ORDERED AND ADJUDGED this the 27th day of March, 2014.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE